NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRELL FINNEY, | No. 22-15143 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-06013-SK |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted December 9, 2022
San Francisco, California

Before: GRABER, GOULD, and WATFORD, Circuit Judges.

Darrell Finney appeals from an order affirming the denial of his application

for supplemental security income benefits under Title XVI of the Social Security

Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We

reverse and remand for further proceedings.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The administrative law judge ("ALJ") failed to provide "specific, clear and convincing reasons" for rejecting Finney's statements about the severity of his symptoms and his limitations. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). In rejecting Finney's testimony, the ALJ relied solely on a purported inconsistency between his testimony and his lack of "ongoing underlying mental health treatment."[1] In assessing a claimant's failure to obtain treatment, an ALJ must consider the explanations provided by the claimant and whether the record supports those explanations. *See* SSR 16-3p, 2017 WL 5180304, at *10 (noting that the ALJ "will review the case record to determine whether there are explanations for inconsistencies in the individual's statements about symptoms and their effects, and whether the evidence of record supports any of the individual's statements at the time he [ ] made them. [The ALJ] will explain how [he] considered the individual's reasons in [his] evaluation of the individual's symptoms."); *see also Trevizo v. Berryhill*, 871 F.3d 664, 679–80 (9th Cir. 2017) (holding that the ALJ's assessment of the claimant's treatment noncompliance was erroneous because it did not consider the claimant's fear of becoming addicted to

---

[1] The ALJ also made use of boilerplate language stating that Finney's statements are "not entirely consistent with the medical evidence and other evidence in the record." This boilerplate explanation is insufficiently specific. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

the prescribed medication). "[W]e have particularly criticized the use of a lack of treatment to reject mental [illness] complaints[.]" *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999).

The ALJ improperly ignored valid explanations for Finney's limited treatment history. The ALJ reasoned that, although Finney is homeless, he could have obtained treatment at a community mental health clinic. But Finney testified that the clinic at which he has begun treatment is severely backed up, and he once sought crisis care from another institution that turned him away. Additionally, Finney testified that he has not adhered to a medication regimen because the prescribed drugs made him tired and hungry—side effects that are particularly difficult to manage as a homeless person. Given the serious difficulties Finney faces in obtaining sustained treatment, we do not find that the ALJ's reason for rejecting Finney's testimony was clear and convincing. *See id.* at 1299 (crediting poverty as an explanation for claimant's failure to seek mental health treatment).

The record also suggests a real possibility that Finney's failure to obtain treatment was attributable to his mental illness. For instance, Finney was assessed as having marginal judgment, and he testified that he does not trust authority figures such as doctors, and he was unable to follow his shelter's rules. The ALJ erred by not addressing this evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1018

n.24 (9th Cir. 2014). On the record as it stands, Finney's minimal treatment history is an improper basis for rejecting his testimony.

2. The ALJ did not err in finding that Dr. San Pedro's medical opinion was unpersuasive. Dr. San Pedro assessed Finney as extremely limited in eight of ten work capabilities. The ALJ correctly noted that "[t]here is no longitudinal history of any mental impairment of that degree of severity either before or after Dr. San Pedro's report." No other medical opinion found Finney extremely limited in any work capability. Additionally, Dr. San Pedro observed Finney engage in psychomotor tics, speak unintelligibly, and demonstrate a disorganized thought process—symptoms that other doctors generally did not otherwise observe. The ALJ's rejection of Dr. San Pedro's opinion was therefore supported by substantial evidence.

3. The ALJ's assessments of the remaining medical opinions are unsupported by substantial evidence. Dr. Schnurr, Dr. Buitrago, Dr. Bradley, and Dr. Campbell all found moderate or mild to moderate impairments in the key capabilities here—Finney's persistence and pace and his ability to complete a normal workweek. The opinions differ on whether Finney can still work if limited to simple, repetitive tasks despite those limitations, with Dr. Schnurr alone opining that Finney was unable to work. Under the applicable regulations, an ALJ must "explain how [he] considered the supportability and consistency factors . . . in [his]

determination" of a medical opinion's persuasiveness. 20 C.F.R. § 404.1520c(b)(2).

The ALJ provided no valid explanation for crediting Dr. Buitrago's, Dr. Bradley's, and Dr. Campbell's opinions as more supported and consistent with the evidence than Dr. Schnurr's. The ALJ explained that Dr. Schnurr appeared to "rel[y] entirely upon [Finney's] uncorroborated subjective complaints" and concluded that her opinion was "inconsistent with [Finney's] underlying treatment history, which is limited." This explanation repeats the ALJ's finding regarding Finney's testimony, which we have already rejected. It also disregards the fact that Dr. Schnurr reviewed 10 pages of Finney's medical history and made findings based on her objective observations. The other doctors had no firmer basis for their conclusions because they did not examine Finney, while Dr. Schnurr did. The ALJ stated that Dr. Buitrago was the only doctor to review the entire medical record, but the ALJ did not identify any evidence reviewed by Dr. Buitrago that casts doubt on Dr. Schnurr's opinion.

To the extent that the ALJ found Dr. Bradley and Dr. Campbell persuasive because their opinions aligned with Dr. Buitrago's opinion, that explanation fails as well. Dr. Bradley and Dr. Campbell, like Dr. Schnurr, both found that Finney was moderately impaired in his ability to complete a normal workweek. Dr. Buitrago found him only mildly to moderately impaired. Thus, Dr. Bradley's and

Dr. Campbell's opinions are as consistent with Dr. Schnurr's opinion as they are with Dr. Buitrago's. In sum, the ALJ's explanations for weighing Dr. Buitrago's, Dr. Bradley's, and Dr. Campbell's opinions more heavily than Dr. Schnurr's are unsupported by substantial evidence.[2]

Because it remains unclear whether Finney is disabled, we reverse the district court's judgment and remand for further proceedings consistent with this disposition. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

**REVERSED and REMANDED.**

---

[2] In light of that conclusion, Finney's additional argument that the ALJ improperly incorporated Dr. Bradley's and Dr. Campbell's opinions in his analysis of Finney's residual functional capacity is moot.